476 S.E.2d 491

**In the Matter of Peter F. THEM, II, Respondent.**

**No. 24499.**

Supreme Court of South Carolina.

Submitted Sept. 9, 1996.

Decided Sept. 23, 1996.

Peter F. Them, II, Pro Se.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

PER CURIAM:

In this attorney disciplinary matter, respondent conditionally admits to engaging in misconduct and agrees to be suspend-

ed from the practice of law for ninety days, retroactive to the date of his temporary suspension. We accept the conditional admission.

Respondent entered into a plea agreement with the Attorney General's Office whereby respondent agreed to waive presentment and plead guilty to one count of failure to make and file a South Carolina Income Tax return in violation of S.C.Code Ann. § 12–54–40(b)(6)(c) (Supp.1995). In exchange for the plea, respondent assumed complete responsibility for the charge and the State agreed not to pursue criminal charges against respondent's wife. The State also agreed not to prosecute respondent for any other charges of Failure to File for the years ranging from 1990 until the date of the agreement. Respondent pled guilty pursuant to the plea agreement, and was sentenced to imprisonment for one year, suspended upon payment of a fine of $1,000, 120 hours of community service, and probation for one year, provided that upon payment of the fine and $4,178 restitution, and completion of the community service, the probation would be terminated.

The failure to file a tax return is a serious crime as set forth in Paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. By his conduct, respondent has violated Rule 8.4 of the Rules of Professional Conduct, Rule 407, SCACR, by committing a criminal act that reflects adversely upon his honesty, trustworthiness and fitness as a lawyer and has violated Paragraph 5(E), of the Rule on Disciplinary Procedure, Rule 413, SCACR, by engaging in conduct tending to bring the courts or legal profession into disrepute.

In our opinion, respondent's misconduct warrants a definite suspension from the practice of law for ninety days. Accordingly, respondent is suspended for ninety days, retroactive to July 24, 1996, the date of his temporary suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.

FINNEY, C.J., not participating.